UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW WEITZ,<br>Plaintiff,<br>v.<br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br>Defendant. | Case No. 2:23-06488 SB (ADS)<br><br>STANDING ORDER (SOCIAL SECURITY) |

Please read this Order carefully. In order to facilitate the just, speedy, and inexpensive determination of this case, the parties shall comply with the following instructions. The Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) shall govern this action.

## I. SERVICE OF THE SUMMONS AND COMPLAINT

Counsel for the Commissioner must file a notice of appearance within **thirty (30) days** from notice of the action. The filing of consent to proceed before the Magistrate Judge may serve as a notice of appearance.

## II. MOTIONS

### A. Motions to Dismiss

In the rare instance that a motion to dismiss is appropriate, the government may electronically file a motion to dismiss in accordance with the rules governing noticed motions. However, unless the Court orders otherwise, the motion to dismiss shall be deemed submitted on the basis of the papers timely filed, without oral argument, as of the noticed hearing date. See C.D. Cal. L.R. 7-15; see generally Fed. R. Civ. P. 7, 12; C.D. Cal. L.R. 7, 12.

### B. Other Motions

Any other motions, outside of those set forth elsewhere in this Order, shall likewise be filed in accordance with the rules governing noticed motions. In the event, a motion is filed without a noticed hearing date, any opposition to such a motion shall be filed within fourteen (14) days from service of the motion and any reply shall be filed within seven (7) days from service of the opposition. The Court will thereafter take the motion under submission.

## III. MANDATORY SETTLEMENT PROCEDURES

The parties shall engage in good faith settlement negotiations to resolve the matter in accordance with the following schedule:

A. Within **fourteen (14) days** from service of the CAR, Plaintiff shall send a written and detailed settlement proposal to the Commissioner by email;

B. Within **twenty-one (21) days** from receipt of Plaintiff's written settlement proposal, government counsel shall evaluate the merits of Plaintiff's contentions and respond to the proposal by email; and

C. Within **seven (7) days** from government counsel's response, the parties shall electronically file a status report of the results of the settlement negotiations, unless a stipulation dismissing, remanding, or otherwise indicating resolution of the case has already been filed.

## IV. FILING THE ANSWER

**The CAR shall be a __text-searchable__ copy of the certified administrative record**. When electronically filing the CAR, the Commissioner should use courtesy names that accurately and concisely reflect the contents of the record. As an example, one CAR may be broken into eight attachments with the following titles:

A. Notice of Filing (as the lead file)

B. Certification Page

C. Court Transcript Index

D. Documents Related to Administrative Process, Including Transcript of Oral Hearing

E. Payment Documents and Decisions

F. Non Disability Related Development

G. Disability Related Development

H. Medical Records

NOTE: It is <u>NOT</u> necessary to provide a paper copy of the CAR to Chambers, unless specifically requested to do so by the Court.

## V. CONTENTS OF BRIEFING ON THE MERITS

The Court is familiar with the standard of review and the sequential evaluation process, so the parties should avoid boilerplate discussions of the governing legal standards. Rather, the parties should focus on applying relevant and controlling legal authority to the facts germane to each disputed issue. The parties shall provide complete and accurate pinpoint citations to legal authorities and portions of the administrative record. All medical terminology (including medical conditions, diagnoses, procedures, tests, anatomical references, and pharmaceuticals) shall be defined in terms understandable to a layperson, preferably by citation to a medical dictionary or glossary from a standard reference work. The parties may not supplement the record beyond definition of technical terms.

## VI. DISCOVERY AND PRE-TRIAL PROCEEDINGS

Discovery or other pre-trial proceedings not authorized by this Order shall not be conducted without leave of the Court. The decision in this case will be made on the basis of the pleadings, the administrative record, and the memoranda filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court will determine which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

## VII. REQUESTS FOR EXTENSION OF TIME

The deadlines set forth in this Order are designed to give parties exercising reasonable diligence sufficient time to perform the required acts without seeking extensions of time. Accordingly, requests for extensions of time are discouraged. Any such request shall set forth specific facts showing that additional time is needed despite diligent attempts to meet a deadline. Requests for extensions of time shall be filed

before the deadline that is the subject of the request and be supported by good cause. Failure to comply with these requirements may result in a denial of the requested extension. Whenever possible, a request for extension of time should be made in the form of a proposed stipulated order.

## VIII. ORAL ARGUMENT

Unless otherwise ordered, the issues presented in the briefing on the merits shall be deemed submitted for decision without oral argument.

## IX. MOTIONS FOR ATTORNEY'S FEES

### A. Equal Access to Justice Act

Plaintiff's counsel shall electronically file any request (by either motion or petition) for attorneys' fees, costs, or expenses pursuant to 28 U.S.C. 2412 ("EAJA"). The Commissioner shall have twenty-one (21) days from the date of electronic filing of the motion or petition within which to electronically file an opposition to the motion or petition.

If the Commissioner believes that there is a possibility of arriving at a settlement with a Plaintiff with respect to the attorneys' fees, costs, and expenses at issue, the parties shall electronically file a stipulation to extend the time for the Commissioner to file an opposition for the purpose of affording the parties an opportunity to discuss settlement. Any such stipulated extension shall be for no more than thirty (30) days.

No reply memorandum is permitted without the Court's prior approval. Unless the Court orders otherwise, the matter will stand submitted as of the date of the last filing. C.D. Cal. L.R. 7-15.

### B. 42 U.S.C. § 406(b)

Any motion or petition for attorneys' fees pursuant to 42 U.S.C. § 406(b) shall be

made by Plaintiff's counsel within a reasonable time after the publication of a notice by the Commissioner allowing the Court to determine the maximum allowable fee under that provision. The motion or petition shall include a statement by Plaintiff's counsel indicating the amount of EAJA or 42 U.S.C. § 406(b) fees requested. Plaintiff's counsel must manually (and electronically, if feasible) serve copies on the Plaintiff. Plaintiff's counsel shall state in a notice accompanying the copies that the Plaintiff may file any statement or opposition with the Court not more than fourteen (14) days after service of the motion or petition, and that any statement or opposition filed by Plaintiff shall be served on both Plaintiff's counsel and the Commissioner.

The Commissioner shall electronically file any statement or opposition within fourteen (14) days from the service of the motion or petition and must manually (and electronically, if feasible) serve a copy on the Plaintiff.

No reply memorandum is permitted without the Court's prior approval. Unless the Court orders otherwise, the matter will stand submitted as of the date the last filing is due. C.D. Cal. L.R. 7-15.

DATED: August 15, 2023

/s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge